United States District Court
Southern District of Texas
**ENTERED**
November 12, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHARNEL L. WELCH, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | Civil Action No. H-26-5106 |
| | § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, *et. al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER

Pending before the Court are Defendant Susan Bryant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6) (Document No. 8); Defendants Renolda Higgins-Alexander and Mona Pena's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6) (Document No. 18); Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6) (Document No. 33); Defendant Mary Babcock's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6) (Document No. 34); and Defendants' Opposed Motion to Stay (Document No. 44). Having considered the Defendants' motions, submissions, and applicable law, the Court determines that the motions to dismiss should be granted and the motion to stay should be denied as moot.

## I. BACKGROUND

This is an employment matter. On July 17, 2024, Plaintiff Charnel L. Welch ("Plaintiff") was hired by Defendant Texas Department of Criminal Justice ("TDCJ") and assigned to the Houston VII Parole Division. On July 24, 2025, "Plaintiff was disciplined for conduct initially characterized as 'reckless endangerment'" involving a state-owned vehicle (the "Incident").[1] Plaintiff alleges, in relevant part, that "Defendants terminated [her] after she disclosed her pregnancy, requested a reasonable accommodation, filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and engaged in other protected activity[.]"[2]

Based on the foregoing, Plaintiff filed suit in this Court, pursuant to federal question jurisdiction, asserting claims against Defendant TDCJ for: (1) sex and pregnancy discrimination; (2) retaliation; (3) failure to accommodate pregnancy; and (4) disability discrimination.[3] In addition, Plaintiff brings a claim against Defendants Green, Bryant, Higgins-Alexander, Babcock, Pena, Ruiz de Velasco, Ballez, and Greene for deprivation of due process under color of state law.[4] On July 31, 2026,

---

[1] *Plaintiff's Complaint*, Document No. 1 at 8 (the Court notes that Plaintiff objects to the classification of the conduct and the disciplinary consequences.).

[2] *See Plaintiff's Complaint*, Document No. 1 at 2.

[3] *See Plaintiff's Complaint*, Document No. 1 at 22–29.

[4] *See Plaintiff's Complaint*, Document No. 1 at 26.

Defendant Bryant moved to dismiss Plaintiff's claim.[5] On August 17, 2026, Plaintiff responded in opposition.[6] On August 18, 2026, Defendants Higgins-Alexander and Pena moved to dismiss Plaintiff's claim.[7] On September 25, 2026, Plaintiff responded in opposition.[8] On October 2, 2026, Defendant TDCJ moved to dismiss Plaintiff's claims.[9] On that same day, Defendant Babcock moved to dismiss Plaintiff's claim.[10] On October 23, 2026, Plaintiff responded in opposition to both motions.[11]

---

[5] *See Defendant Susan Bryant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 8 at 1.

[6] *See Plaintiff's Response in Opposition to Defendant Susan Bryant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)*, Document No. 17 at 1.

[7] *See Defendants Renolda Higgins-Alexander and Mona Pena's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 18 at 1.

[8] *See Plaintiff's Response in Opposition to Defendants Renolda Higgins-Alexander and Mona Pena's Motion to Dismiss Request that the Court Consider Plaintiff's Proposed First Amended Complaint*, Document No. 29 at 1.

[9] *See Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 1.

[10] *See Defendant Mary Babcock's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 34 at 1.

[11] *See Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 1; *Plaintiff's Response in Opposition to Mary Babcock's Motion to Dismiss*, Document No. 47 at 1.

## II. STANDARD OF REVIEW

A court may dismiss an action for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Once a defendant raises lack of subject matter jurisdiction in a motion to dismiss pursuant to Rule 12(b)(1), the plaintiff bears the burden of establishing that the Court has jurisdiction over the dispute. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

## III. LAW & ANALYSIS

Defendants Bryant, Higgins-Alexander, Pena, Babcock, and TDCJ move to dismiss Plaintiff's claims. The Court will consider, in turn, TDCJ's motion followed by the individual defendants' motions. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

### *1. Defendant TDCJ's Motion to Dismiss*

Defendant TDCJ moves to dismiss Plaintiff's claims, contending that the Court lacks subject matter jurisdiction and that each of Plaintiff's claims fail to state a claim upon which relief can be granted. The Court will consider TDCJ's motion under Rule 12(b)(1) followed by TDCJ's motion under Rule 12(b)(6).

### *A. TDCJ's Motion Under Rule 12(b)(1)*

TDCJ moves to dismiss Plaintiff's Americans with Disabilities Act ("ADA") claim for disability discrimination contending that the claim is barred by Eleventh

Amendment sovereign immunity.[12] In response, Plaintiff "alternatively requests dismissal without prejudice for lack of jurisdiction, confined to that count[.]"[13]

The ADA prohibits certain entities from "discriminat[ing] against a qualified individual on the basis of disability[.]" 42 U.S.C. § 12112(a). However, Congress did not abrogate Eleventh Amendment immunity by enacting the ADA. *See Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 365–74 (2001).

Here, TDCJ contends that it did not waive immunity.[14] Plaintiff offers no rebuttal or evidence of waiver. Rather, Plaintiff contends, "[i]f the Court concludes that sovereign immunity requires dismissal . . . Plaintiff requests dismissal without prejudice[.]" Plaintiff provides no relevant case law or argument suggesting that this Court should not conclude that sovereign immunity requires dismissal. Based on the foregoing, and the clear guidance of the Supreme Court that Congress did not abrogate Eleventh Amendment immunity by enacting the ADA, the Court finds that TDCJ is entitled to Eleventh Amendment sovereign immunity with respect to Plaintiff's ADA claim. Accordingly, the Court finds that Plaintiff's claim is barred

---

[12] *See Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 5.

[13] *Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 13.

[14] *See Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 5.

and should be dismissed.[15] The Court will now consider TDCJ's motion under Rule 12(b)(6).

*B. TDCJ's Motion Under Rule 12(b)(6)*

TDCJ contends that Plaintiff fails to state a viable claim for: (1) sex and pregnancy discrimination; (2) Title VII retaliation; and (3) failure to accommodate. The Court will consider, in turn, each claim TDCJ moves to dismiss for failure to state a claim upon which relief can be granted.

*i. Sex and Pregnancy Discrimination*

TDCJ contends that Plaintiff's sex and pregnancy discrimination claims should be dismissed because "Plaintiff's Complaint fails to plead that her termination was *because of* her protected status under *Swierkiewicz*."[16] In response, Plaintiff contends that "Count I plausibly alleges pregnancy discrimination[.]"[17]

A plaintiff must plead two elements to support a disparate treatment claim under Title VII: "(1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* her protected status.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d

---

[15] "Claims barred by sovereign immunity are dismissed without prejudice, not with prejudice." *Block v. Tex. Bd. of L. Exam'rs*, 952 F.3d 613, 620 (5th Cir. 2020).

[16] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 8 (emphasis in original).

[17] *See Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 3.

762, 767 (5th Cir. 2019) (emphasis in original) (citation omitted). "Although [a plaintiff does] not have to submit evidence to establish a prima facie case of discrimination [under *McDonnell Douglas*] at this stage, he [must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Olivarez v. T-Mobile USA, Inc.*, 997 F.3d 595, 600 (5th Cir. 2021) (citation omitted). "Under *McDonnell Douglas* . . . a plaintiff must allege facts sufficient to support a finding 'that he was treated less favorably than others outside of his protected class.'" *Olivarez*, 997 F.3d at 600 (quoting *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 427 (5th Cir. 2017)).

Here, TDCJ concedes that Plaintiff's termination was an adverse employment action.[18] However, TDCJ contends that "Plaintiff's Complaint fails to plead that her termination was *because of* her protected status[.]"[19] TDCJ goes on to contend that "Plaintiff's factual allegations regarding Officer Woods' resignation defeat her disparate treatment claim" and that "Plaintiff's allegations regarding male and non-pregnant women receiving more favorable treatment is conclusory[.]"[20] In response,

---

[18] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 8.

[19] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 8. (emphasis in original).

[20] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 9.

Plaintiff contends that she "alleges more than incorrect disciplinary decision" and that she "alleges post-signature alteration of disciplinary documents, substitution of an unanswered charge, inconsistent explanations, pregnancy-related accommodation requests before the hearing, and differential application of disciplinary standards."[21] The Court notes that none of the allegations that Plaintiff purports to make, with the exception of differential application of standards, tie Plaintiff's termination to her protected status.[22]

With respect to Plaintiff's allegation that standards were applied differently, the Court notes that Plaintiff's allegation that "Male employees and employees who did not disclose pregnancy engaged in comparable conduct and were not similarly disciplined or terminated" is conclusory and unsupported.[23] This conclusory allegation is insufficient "to nudge the claims across the line from conceivable to plausible." *Olivarez*, 997 F.3d at 600 (citation omitted). Regarding Officer Woods, Plaintiff contends that Officer Woods was a similarly situated employee and "was permitted to resign rather than be terminated[.]"[24] However, Plaintiff's Complaint

---

[21] *Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 4.

[22] With respect to Plaintiff's allegations related to pregnancy-related accommodation requests, the Court notes that this allegation is discussed below when considering Plaintiff's claim for failure to accommodate.

[23] *Plaintiff's Complaint*, Document No. 1 at 22.

[24] *Plaintiff's Complaint*, Document No. 1 at 23.

states that she too was "given only two options: resign for personal reasons or proceed to impasse."[25] In response, Plaintiff contends that "[t]he Court should not infer identical treatment from the existence of a resignation option alone."[26] This contention represents a clear misunderstanding of the burden of proof. To find that Plaintiff fails to state a claim upon which relief can be granted, the Court need not infer identical treatment. Rather, the Court must only conclude that Plaintiff has failed to plead facts suggesting different treatment.

Based on the foregoing, and the clear guidance of the Fifth Circuit that a plaintiff must plead facts suggesting the claim is plausible rather than merely conceivable, the Court finds that Plaintiff's conclusory allegations regarding different treatment are insufficient to suggest that Plaintiff was terminated because of her protected status. As such, the Court finds that Plaintiff's sex and pregnancy discrimination claim fails to state a claim upon which relief can be granted, and thus, that TDCJ's motion should be granted with respect to this claim. The Court will now consider TDCJ's motion as it relates to Plaintiff's retaliation claim.

*ii. Retaliation*

TDCJ contends that Plaintiff's retaliation claim should be dismissed because disclosure of pregnancy and mental health conditions was not a protected activity

---

[25] *Plaintiff's Complaint*, Document No. 1 at 18.

[26] *Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 5.

under Title VII.[27] TDCJ further contends that Plaintiff cannot establish a causal link between her EEO and EEOC complaints and termination.[28] In response, Plaintiff contends that "dismissal should not rest on treatment of every later decision as necessarily fixed when the investigation began."[29]

To succeed on a retaliation claim, a plaintiff must plead sufficient facts demonstrating that: "(1) she engaged in protected activity; (2) an adverse employment action occurred; and (3) a causal link exists between the protected activity and the adverse employment action." *Royal v. CCC & R Tres Arboles, LLC*, 736 F.3d 396, 400 (5th Cir. 2013). "An employee has engaged in protected activity if she has 'opposed any practice made an unlawful employment practice under [Title VII].'" *Id.* (citing 42 U.S.C. § 2000e-3(a)).

Here, TDCJ contends that Plaintiff's mental health and pregnancy were not known to TDCJ until after the disciplinary process for the incident had already begun.[30] Furthermore, TDCJ contends that "Plaintiff fails to plead facts establishing

---

[27] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 10.

[28] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 11.

[29] *See Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 8–9.

[30] *See Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 11.

a causal link between those complaints [her EEOC complaints] and her termination."[31] In response, Plaintiff appears to be contending that adverse employment action was not the invocation of disciplinary action nor the termination but rather "combined allegations of knowledge, subsequent review, escalation, and inconsistent grounds[.]"[32] The Court notes that it is undisputed that the EEOC complaints, the notice of pregnancy, and the notice of mental health difficulties all came after Plaintiff was already facing disciplinary repercussions for the Incident. To the extent that Plaintiff is contending that the aforementioned protected activities affected the way she was disciplined for an entirely unrelated Incident, the Court rejects such argument and finds that Plaintiff has failed to plead sufficient facts suggesting any causal link. Furthermore, the Court notes that, with the exception of *Clark County School District v. Breeden*, which appears to support TDCJ's position rather than her own, Plaintiff cites no case law to support her position that "[d]ismissal should not rest on treating every later decision as necessarily fixed when the investigation began[.]"[33]

---

[31] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 11.

[32] *See Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 8.

[33] *See Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 8–9 (citing *Clark County School District v. Breeden*, 532 U.S. 268, 272 (2001)).

Based on the foregoing, and the clear guidance of the Fifth Circuit that a retaliation claim requires a showing of a causal connection between protected activity and an adverse employment action, the Court finds that Plaintiff fails to state a claim upon which relief can be granted. As such, the Court finds that TDCJ's motion should be granted with respect to Plaintiff's retaliation claim. The Court will now consider TDCJ's motion as it relates to Plaintiff's failure to accommodate claim.

*iii. Failure to Accommodate*

TDCJ contends that Plaintiff's failure to accommodate claim "is without merit and should be dismissed."[34] In response, Plaintiff contends that "[t]he complaint alleges notice, requests, and refusal to adjust the schedule" and that, as such, her failure to accommodate claim is sufficiently pled.[35]

The Pregnant Workers Fairness Act ("PWFA") makes it unlawful for a covered entity to "not make reasonable accommodations to the known limitations related to the pregnancy, childbirth, or related medical conditions of a qualified employee[.]" 42 U.S.C. § 2000gg-1(1). "'A plaintiff can establish that he is qualified by showing that either (1) he could perform the essential functions of the job in spite

[34] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 13.

[35] *Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 12.

of disability, or (2) that a reasonable accommodation of his disability would have enabled him to perform the essential functions of the job.'" *Thompson v. Microsoft Corp.*, 2 F.4th 460, 468 (5th Cir. 2021) (citation omitted).

Here, Plaintiff alleges that a "disciplinary board hearing was originally scheduled for August 7, 2025. On that date, TDCJ canceled it[.] TDCJ rescheduled for August 12, 2025. Plaintiff notified TDCJ that she was not available that day due to a conflicting medical appointment."[36] TDCJ moves to dismiss Plaintiff's claim contending that Plaintiff is not a qualified employee, that TDCJ was not aware of her limitation, and that Plaintiff "failed to plead that TDCJ denied her reasonable accommodation."[37]

TDCJ contends, in relevant part, that "[b]ecause the PWFA does not require employers to reschedule disciplinary hearings due to personal conflicts, Plaintiff's claim fails as a matter of law and therefore should be dismissed."[38] In response, Plaintiff contends that "[t]he pleaded request concerns a known medical scheduling need before the hearing."[39] Plaintiff further contends that her complaint "alleges

---

[36] *Plaintiff's Complaint*, Document No. 1 at 14.

[37] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 13–16.

[38] *Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 33 at 16.

[39] *Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 9.

pregnancy disclosure to HR Representative Precious White and a hearing-schedule accommodation request on approximately August 2."[40] Having reviewed the record in this matter, the Court notes that Plaintiff does not plead facts establishing that the conflicting medical appointment had any relation to her pregnancy. The fact that Plaintiff was pregnant, and that TDCJ knew about it, does not necessitate accommodation for potentially unrelated medical appointments. Based on the foregoing, and the clear language of the PWFA that a requested accommodation must relate to a limitation of pregnancy, the Court finds that Plaintiff has failed to state a claim upon which relief can be granted as to her PWFA accommodation claim.[41]

2. *Individual Defendants' Motions to Dismiss*

Defendants Bryant, Higgins-Alexander, Pena, and Babcock all move to dismiss Plaintiff's claims for failure to state a claim and lack of subject matter jurisdiction. Having reviewed the motions, the Court notes that Bryant's, Higgins-Alexander's, and Pena's motions to dismiss are virtually identical. As such, the

[40] *Plaintiff's Response in Opposition to TDCJ's Motion to Dismiss*, Document No. 46 at 10.

[41] The Court notes that, even assuming the medical appointment was related to Plaintiff's pregnancy, Plaintiff "notif[ying] TDCJ she was not available that day" is insufficient to state a requested accommodation. *Plaintiff's Complaint*, Document No. 1 at 14.

Court will begin by considering these motions, Document No. 8 and Document No. 18, followed by Babcock's motion, Document No. 34.

*A. Defendants Bryant, Higgins-Alexander, and Pena's Motions to Dismiss*

Defendants Bryant, Higgins-Alexander, and Pena (the "Qualified Immunity Defendants") move to dismiss Plaintiff's Complaint contending, in relevant part, that they are entitled to qualified immunity.[42] In response, Plaintiff contends that "[q]ualified immunity does not support dismissal with prejudice" and requests "that any qualified-immunity analysis be made against the complete factual allegations of the proposed amended complaint[.]"[43] To the extent Plaintiff is requesting leave to amend her complaint, the Court notes that such request has already been denied.[44] Nonetheless, the Court will consider the pending motions to dismiss as they relate to the operative complaint in this matter.

---

[42] *See Defendant Susan Bryant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 8 at 11; *Defendants Renolda Higgins-Alexander and Mona Pena's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 18 at 13.

[43] *Plaintiff's Response in Opposition to Defendant Susan Bryant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)*, Document No. 17 at 4; *Plaintiff's Response in Opposition to Defendants Renolda Higgins-Alexander and Mona Pena's Motion to Dismiss and Request that the Court Consider Plaintiff's Proposed First Amended Complaint*, Document No. 29 at 5.

[44] *See Order Denying Motion for Leave to Amend*, Document No. 42 at 1. To the extent Plaintiff is moving again for leave to amend, that request is denied as the Court finds that amendment would be futile.

"Qualified immunity protects government officials performing discretionary functions from [civil] liability 'unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Glenn v. City of Tyler*, 42 F.3d 307, 312 (5th Cir. 2001) (quoting *Gibson v. Rich*, 44 F.3d 274, 276 (5th Cir. 1995)). The defense of qualified immunity provides ample room for mistaken judgments on the government actors' part and protects "all but the plainly incompetent or those who knowingly violate the law." *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 380 (5th Cir. 2005) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Qualified immunity is "immunity from suit rather than a mere defense to liability." *Pearson v. Callahan*, 555 U.S. 223, 237 (2009) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

Once qualified immunity is asserted, therefore, the burden shifts to the plaintiff to demonstrate the defense does not apply. *See McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002). This burden requires the plaintiff to allege sufficient facts showing that: (1) the defendants violated a clearly established constitutional right; and (2) the defendants' actions were objectively unreasonable under the circumstances. *Collins v. Ainsworth*, 382 F.3d 529, 537 (5th Cir. 2004). This inquiry also requires a court to "ask whether the law so clearly and unambiguously prohibited his conduct that every reasonable official would understand that what he is doing violates the law." *Morgan v. Swanson*, 696 F.3d 359, 370 (5th Cir. 2011). "In other words, existing-precedent must have placed the

statutory or constitutional question confronted by the official beyond debate." *Plumhoff v. Rickard*, 572 U.S. 765, 779 (2014) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

Here, the Qualified Immunity Defendants contend that "Plaintiff's factual allegations fail to establish the elements of a procedural due process claim, failing to establish a constitutional violation."[45] The Qualified Immunity Defendants further contend that "[e]ven assuming *arguendo* that Plaintiff alleged a constitutional violation, Defendants would still be entitled to qualified immunity under the second prong [the reasonableness prong]."[46] Plaintiff offers limited rebuttal contending that her allegation of Bryant's role as Conduct Assessor establishes a constitutional violation, and Plaintiff requested leave to amend as to all of the Qualified Immunity Defendants.[47] Plaintiff offers no rebuttal as to the Qualified Immunity Defendants' contention that their actions were not objectively unreasonable.

---

[45] *Defendant Susan Bryant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 8 at 11; *Defendants Renolda Higgins-Alexander and Mona Pena's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 18 at 14.

[46] *Defendant Susan Bryant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 8 at 11; *Defendants Renolda Higgins-Alexander and Mona Pena's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 18 at 14.

[47] *See Plaintiff's Response in Opposition to Defendant Susan Bryant's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6)*, Document No. 17 at 5; *Plaintiff's Response in Opposition to Defendants Renolda Higgins-Alexander and Mona Pena's Motion to Dismiss and Request that the Court Consider Plaintiff's Proposed First Amended Complaint*, Document No. 29 at 5.

Having reviewed the Complaint in this matter, the Court finds that Plaintiff has not pled sufficient facts to suggest that any of the Qualified Immunity Defendants' actions were objectively unreasonable in light of the circumstances. Based on the foregoing, and the clear guidance of the Fifth Circuit that objective unreasonableness is required to successfully plead that a defendant is not entitled to qualified immunity, the Court finds that the Qualified Immunity Defendants are entitled to qualified immunity. As such, the Court finds that Plaintiff's claims against these defendants are barred and that their motions should be granted. The Court will now consider Defendant Babcock's motion.

*B. Defendant Babcock's Motion to Dismiss*

Defendant Babcock moves to dismiss Plaintiff's Complaint contending that Plaintiff's claims seeking monetary damages are barred by sovereign immunity and that Plaintiff's claims for injunctive relief fail under Federal Rule of Civil Procedure 12(b)(6).[48] In response, Plaintiff contends that "[p]aragraph 65 expressly states: 'Monetary damages under this Count are sought against Individual Defendants in their individual capacities only.'"[49]

[48] *See Defendant Mary Babcock's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 34 at 5–6.

[49] *Plaintiff's Response in Opposition to Mary Babcock's Motion to Dismiss*, Document No. 47 at 3.

More specifically, Defendant Babcock contends that "Babcock is mentioned only four times in the entire thirty-two pages of the Complaint: (1) in this case caption, (2) in Section III listing the parties to this suit, (3) in the heading of Count IV, and (4) in Paragraph 59 listing the named Defendants under Count IV[.]"[50] In response, Plaintiff states that "[t]he motion's numerical count of references to her name does not answer the content of that allegation."[51] The allegation Plaintiff appears to be referring to is that Babcock "is responsible for 'overseeing and approving disciplinary determinations agency-wide.'"[52] Having reviewed the record in this matter, the Court notes that, even assuming that sovereign immunity does not bar any of Plaintiff's claims, Plaintiff ties none of the facts in her complaint to Defendant Babcock, and thus, does not tie Defendant Babcock to any of her claims.

Given the Supreme Court's clear guidance in *Twombly* and *Iqbal*, the Court finds that Plaintiff fails to state a claim upon which relief can be granted with respect

---

[50] *Defendant Mary Babcock's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6)*, Document No. 34 at 7.

[51] *Plaintiff's Response in Opposition to Mary Babcock's Motion to Dismiss*, Document No. 47 at 6.

[52] *Plaintiff's Response in Opposition to Mary Babcock's Motion to Dismiss*, Document No. 47 at 6.

to Defendant Babcock. As such, the Court finds that Defendant Babcock's motion should be granted.[53]

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant Susan Bryant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6) (Document No. 8) is **GRANTED**. The Court further

**ORDERS** that Defendants Renolda Higgins-Alexander and Mona Pena's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6) (Document No. 18) is **GRANTED**. The Court further

**ORDERS** that Defendant Texas Department of Criminal Justice's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6) (Document No. 33) is **GRANTED**. The Court further

**ORDERS** that Defendant Mary Babcock's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(B)(1) and 12(B)(6) (Document No. 34) is **GRANTED**. The Court further

[53] Considering the Court's finding that Plaintiff fails to state a claim with respect to Defendant Babcock, the Court declines to make a finding with respect to sovereign immunity in this matter.

**ORDERS** that Plaintiff's claims against Defendants Bryant, Higgins-Alexander, Pena, Babcock, and the Texas Department of Criminal Justice are hereby **DISMISSED**.[54] The Court further

**ORDERS** that Defendants' Opposed Motion to Stay (Document No. 44) is **DENIED AS MOOT**.

SIGNED at Houston, Texas, on this 12 day of November, 2026.

DAVID HITTNER
United States District Judge

[54] The Court notes that Plaintiff's Americans with Disabilities Act ("ADA") claim for disability discrimination is dismissed without prejudice and incorporated the above stated reasoning herein. The Court further notes that Plaintiff's claims against Defendants Lumpkin, Green, Ruiz de Velasco, Ballez, and Greene remain pending in this matter.